[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
This is an appeal from the grant (grant) by the Zoning Board of Appeals of the Town of Berlin (Board) of a use variance (variance) to Walter and Jean Borysewicz (collectively, the Borysewiczs) authorizing the construction and operation of a dog kennel on land to be acquired by the Borysewiczs which is known as Lot 20, Worthington Ridge, Berlin (premises). This appeal was originally brought by four plaintiffs, but at the hearing (hearing) on this matter, counsel for all plaintiffs withdrew the appeal as to all plaintiffs except John Rzeplinski (Mr. Rzeplinski), who now prosecutes this appeal.
STANDING
At the hearing, the parties stipulated that Mr. Rzeplinski owns real property within 100 feet of a portion of the premises. Accordingly, Mr. Rzeplinski is an aggrieved person pursuant to § 8-8 (a)(1) of the General Statutes, and therefore he has standing to maintain this appeal pursuant to § 8-8 (b) of the General Statutes.
Discussion
In his brief, Mr. Rzeplinski argues that the grant was illegal in the following respects:
a) It violates § XV A.4.a. of the Berlin Zoning Ordinance (ordinance), which states:
 No use variance shall be granted by the ZBA which would permit
. . .
A use otherwise allowed by Special Permit in the CT Page 7306 zone in which the use is located . . .;
b) The Board failed to make a finding that, absent the grant of the variance, there was no other reasonable use for the premises, as required by § XV A.4.b. of the ordinance; and,
c) The Board failed to make a finding that the grant of the variance was the minimum adjustment necessary to permit a reasonable use of the premises, as required by § XV B.5.b. of the ordinance.
Special Permit
Section XV A.4.b. of the ordinance prohibits a use variance in a particular district if the variance is for a use which is permitted in the same district by special permit. A dog kennel, while permitted by special permit in a PS-A District, is not permitted by special permit in a PI District. Since the premises are located in a PI District, the premises cannot be used for a dog kennel by special permit. Therefore, Mr. Rzeplinski's special permit argument fails.
No other Reasonable Use
In order to grant the variance, the Board was required to find that the variance was necessary for the reasonable use of the premises. Further, the Board should have stated that finding, which it did not do. When a zoning agency fails to express an essential finding, the reviewing court "must search the record for a basis for the Board's decision." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 208 (1995). (Citation omitted.).
The transcript of the November 28, 1995 hearing before the Board contains the following testimony:
 Most of the premises is located within a flood plain; (T, 2)
 Since 1988, the premises have been unused; (T, 2)
 During the 12 years preceding 1988, the premises were often unused; (T, 2)
In 1988, when the premises were used for CT Page 7307 manufacturing, the building standing on the premises was flooded, and oil from machinery in that building flowed into the adjoining river; (T, 5)
 In the past, the owner of the premises proposed an industrial park for the premises, but the inland wetlands agency rejected that proposal; (T, 9)
 There is no use permitted by the ordinance for the premises which would receive inland wetland agency approval. (T, 9).
The testimony described above provides a sufficient basis for the finding that, absent the variance, there is no reasonable use for the premises, and that testimony is held to be, in the words of the Bloom court, the "basis for the Board's decision" in regard to the question of reasonable use.
Minimum Adjustment Necessary
In order to grant the variance, the Board was required to find that the use of the premises for a dog kennel was the minimum adjustment necessary to permit a reasonable use of the premises. The Board should have stated that finding, which it did not do. Accordingly, the court is again required to search the record.
The testimony described in the previous section of this memorandum provides a sufficient basis for the finding that a dog kennel is the minimum adjustment necessary to permit a reasonable use of the premises, and that testimony is held to be the "basis for the Board's decision" in regard to the question of minimum adjustment necessary.
CONCLUSION
The record reasonably supports the findings which were required, and which were implicitly made, by the Board, and the special permit argument is not persuasive. Accordingly, this appeal is denied.
G. Levine, J. CT Page 7308